John William WEBER and Herman C. Weber (Plaintiffs), Respondents,

v.

Walter R. CREASON and Amanda W. Creason (Defendants), Appellants.

No. 29842.

St. Louis Court of Appeals.

Missouri.

Nov. 5, 1958.

See, also, Creason v. Mueller, 317 S.W. 2d 643.

William H. Wyne, Jr., Clayton, for appellants.

John W. Waller, Sullivan, for respondents.

RUDDY, Presiding Judge.

John William Weber and Herman C. Weber as plaintiffs brought this action against Walter R. Creason and Amanda W. Creason as defendants, in which they sought to establish a private road over "the Southwest Quarter of the Northeast Quarter of Section 29, Township 42, Range 2 West, all in Franklin County, Missouri" pursuant to provisions of Section 228.340 RSMo 1949, V.A.M.S. Defendants filed a motion to dismiss plaintiffs' petition and among the grounds stated in said motion is the following:

"The claim plaintiffs attempt to state was in existence at the time they were defendants in case number 2396 wherein defendants in this cause were plaintiffs in that case, and the claim upon which plaintiffs in this cause attempt to maintain should have been presented in case number 2396 * * *."

The aforesaid motion to dismiss was overruled and after trial the court found in favor of plaintiffs and ordered "a private roadway 20 feet in width be established on the land of defendants * * *."

The Court appointed three Commissioners "to view the premises and to mark out the road and to assess the damages to the defendants."

The three Commissioners filed their report and in accordance with the report the trial court adjudged and decreed that the road be established and described the location of the road on the Southwest Quarter of the Northeast Quarter of Section 29, Township 42 North and Range 2 West.

The Court further adjudged and decreed that the defendants "take judgment against petitioners in the sum of $100." Defendants appealed from the judgment. The only point raised by defendants (appellants) in this appeal is that "the trial court erred in denying appellants' (defendants') motion to dismiss plaintiffs' petition for the reason that said cause should have been set forth as a counterclaim in one of two prior causes of action by the same parties involving the same subject matter as provided by Section 509.420" RSMo 1949, V.A.M.S.

The two prior causes referred to in the point relied on by defendants were filed in the Circuit Court in the County of Franklin, Missouri. The first cause filed is known as cause No. 2003. In that cause Walter Creason and Amanda Creason were plaintiffs and Emil Mueller, Elizabeth Mueller, Cornelius Weber and John Weber were defendants. None of the pleadings in cause No. 2003 appear in the record before us. The only evidence before us concerning this action is Defendants' Exhibit 1 which is a certified copy of the judgment entered in cause No. 2003. The judgment shows that "By agreement between the parties the Court finds that the defendants are entitled to an open and public road over the Southwest quarter of the Northeast quarter, and the Northwest quarter of the Southeast quarter of Section 29, Township 42 North, Range 2 West of the 5th P. M. * * *" Thereafter the court in its judgment recited the full description of the road. This road according to the description begins "at a point 1.75 chains north of the southeast corner of the southwest quarter of the northeast quarter * * *." The road from this beginning point proceeds in a southerly and westerly direction through the Northwest quarter of the Southeast quarter of Section 29, Township 42 North, Range 2 West. It should be pointed out that the Southwest quarter of the Northeast quarter is directly north of the Northwest quarter of the Southeast quarter. It is further shown in said judgment that "The Court further finds for the plaintiffs and against

the defendants on the balance of defendants' counter-claim which is a claim for additional roadway across the Southwest quarter of the Northeast quarter."

While we do not have the benefit of the pleadings filed in cause No. 2003 the judgment shows that a counter-claim was filed for a road over the Southwest quarter of the Northeast quarter of the section involved and that the court found that defendants were entitled to a road beginning at the southeast corner of said quarter quarter section, but denied the defendants' counter-claim for additional roadway across the said quarter quarter section of plaintiffs' land. Defendants in the instant appeal are in error in asserting that defendants in cause No. 2003 failed to assert in their counter-claim the cause of action which forms the basis of the petition in the instant cause. As we have pointed out the counter-claim in cause No. 2003 must have asked for a roadway across the Southwest quarter of the Northeast quarter, because the court in its judgment, which was the result of an agreement between the parties, denied the claim for the additional roadway on the quarter quarter section whereon the plaintiffs in the instant action are asking for a roadway.

Contained in the record in the instant appeal is a colloquy between the court and the attorneys representing the plaintiffs and the defendants. In this colloquy admissions were made by the attorneys for the plaintiffs and defendants which show that at the time the agreement was made in cause No. 2003 the parties were in error as to the location of the road that proceeded north from the road that was awarded in the consent judgment in cause No. 2003. The admissions made by the attorneys show that all concerned were of the opinion that the road which proceeded north from the road awarded was not on the north 40 of the Creason property, (the Southwest quarter of the Northeast quarter of Section 29, etc.) but was on the land to the east of the Creason north 40 owned by someone else.

This error was discovered, according to the admissions in the record, when the road was surveyed at a subsequent date, which survey showed the road to be 10 feet inside the line of the Creason north 40 and not on the land to the east of the Creason north 40.

The other cause referred to in the point relied on by defendants is known as cause No. 2396 filed subsequent to cause No. 2003 in the Circuit Court of Franklin County, Missouri. In cause No. 2396 the parties were the same as in cause No. 2003. The record on this appeal does not contain the petition or judgment in cause No. 2396. However, we understand from the evidence that in cause No. 2396 plaintiffs sought and were granted a judgment and decree which enjoined and restrained the defendants from going upon, traveling over or trespassing upon the Southwest quarter of the Northeast quarter of Section 29, Township 42 North, Range 2 West (the north 40). Nothing in the record indicates that the confusion and misunderstanding that existed as to the location of the road when cause No. 2003 was reduced to judgment did not continue when cause No. 2396 was heard. Nothing in the record shows when the survey was made that cleared up the misunderstanding as to the location of the road in question. No counter-claim was filed by the defendants in cause No. 2396, because defendants continued to labor under the misunderstanding as to the location of the road. We do not think that the circumstances surrounding the misunderstanding of the parties required defendants in that action to seek the relief they are asking in the present action. It should be noted that the defendants in causes numbered 2003 and 2396 were not the same in all respects as the plaintiffs in the instant litigation.

There is no merit to the point relied on by defendants. The judgment of the trial court is affirmed.

ANDERSON, J., and JAMES D. CLEMENS, Special Judge, concur.