Walter R. CREASON and Amanda W. Creason (Plaintiffs), Appellants,

v.

Emil MUELLER, Elizabeth Mueller, Cornelius Weber and John Weber (Defendants), Respondents.

No. 29841.

St. Louis Court of Appeals.

Missouri.

Nov. 5, 1958.

William H. Wyne, Jr., Clayton, for appellants.

John W. Waller, Sullivan, for respondents.

RUDDY, Presiding Judge.

This is an appeal from a dismissal of plaintiffs' motion to cite defendants for contempt of court. This appeal involves virtually the same parties and the same subject matter contained in appeal decided in our cause No. 29842, Weber v. Creason, 317 S. W.2d 640.

Plaintiffs are the owners of the following described real estate situated in Franklin County, Missouri:

"The Southwest quarter of the Northeast quarter and the Northwest quarter of the Southeast quarter of Section 29, Township 42 North, Range 2 West."

Sometime prior to the filing of the motion by plaintiffs to cite defendants for contempt of court plaintiffs filed an action wherein they prayed that defendants be permanently enjoined and restrained from trespassing on the above described land. After a hearing on the petition judgment was entered enjoining and restraining defendants from "using, going upon, traveling over or trespassing upon" the above described land. Plaintiffs' motion for an order citing the defendants for contempt of court alleges that the defendants "have repeatedly and continuously ignored and violated the judgment" described aforesaid "by continually using a road over and upon the East portion" of the land described above.

The motion to cite the defendants for contempt of court was filed November 26, 1956. On December 18, 1956, the trial court dismissed plaintiffs' motion for citation for contempt "for the reason that judgment in case was too vague and indefinite, being no proper survey at the time judgment was entered and apparently some misunderstanding between parties as to the exact location of the roadway along the line of the S.W. of N.E. of 29." While the record in the instant appeal does not contain any evidence showing a misunderstanding of the parties as to the exact

'644 ■

location of the roadway, it is obvious to us that the trial court had in mind the evidence it heard in connection with the case that formed the basis of the appeal in our cause No. 29842 referred to above. The judgment appealed from in our cause No. 29842 was entered by the trial court on December 18, 1956, the same day the trial court entered its judgment of dismissal in the instant appeal.

Plaintiffs contend that the evidence does not support the reason given by the trial court for the dismissal of their motion. They assert, that to the contrary, the judgment is not vague and indefinite, but is specific. We need not concern ourselves with the correctness of the court's reason for dismissing the motion because the record in this appeal shows that plaintiffs offered no evidence in support of their motion, wherein they alleged defendants ignored and violated the judgment enjoining them from traveling over and trespassing on plaintiffs' land.

■ Defendants contend that the court did not err in dismissing the motion for citation for contempt for the reason that the burden was upon the plaintiffs to prove a violation of the injunction. With this we agree. In the case of Temco Mfg. Co. v. National Electric Ticket Register Co., 223 Mo.App. 420, 18 S.W.2d 142, loc. cit. 144, the court said: "The burden of proof to establish a violation of the injunction rests on the plaintiff, and the defendants are entitled to the benefit of every reasonable doubt."

■ Plaintiffs have failed to sustain the burden imposed on them by the law. The fact is the record shows no evidence to support the alleged violation of the injunction, nor does it show any offer of evidence refused by the court.

The judgment of dismissal should be affirmed. It is so ordered.

ANDERSON, J., and JAMES D. CLEMENS, Special Judge, concur.